IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID PAGAN and CRISTINA ORTIZ, on behalf of plaintiffs and a class, | ) ) ) |
| Plaintiff, | ) Case No. 17-cv-5795 ) |
| v. | ) Hon. Manish S. Shah ) |
| FAY SERVICING, LLC, doing business as FAY MORTGAGE SERVICES, | **)** ) ) ) |
| Defendant. | ) |

**PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs, David Pagan and Cristina Ortiz, individually, and on behalf of the class of persons defined below, request that this Court enter an order which: (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Appendix A; (ii) sets dates for Class Members to object, (iii) schedules a hearing for final approval of the Agreement; (iv) approves the mailing of notice to the Class in the form of Exhibit C to Appendix A, and (v) finds that the mailing of such notice satisfies due process. A copy of the proposed preliminary approval order is attached as Exhibit B to Appendix A.

1. Plaintiffs, individually and on behalf of a class, filed this case on August 9, 2017, alleging that defendant, Fay Servicing, LLC, violated 15 U.S.C. §1692g, 15 U.S.C. §1692e, 1692e(2) and 1692e(10) of the Fair Debt Collection Practices Act ("FDCPA"), by sending a "validation notice" which failed to accurately state the amount owed and what it consisted of, and which contained false statements. Specifically, plaintiffs asserted that defendant sent a notice which contained zeros for the current unpaid accrued interest, escrow balance, late

1

charges, despite money being due for those categories, and listed an inaccurate total amount of debt. A copy of the form letter involved is attached as Exhibit A to the Settlement Agreement.

2. Plaintiffs' Complaint alleged that Fay Servicing, LLC did business as Fay Mortgage Services. However, that was mistaken. Fay Servicing, LLC does not do business as Fay Mortgage Services with respect to loans such as plaintiffs', that were not originated by Fay. Plaintiffs therefore request that the caption be amended to remove the reference to "doing business as Fay Mortgage Services."

3. After conducting some written discovery, and some arms-length discussions, the parties reached a settlement to resolve the Litigation. Defendant denies violating the FDCPA and denies all liability to plaintiffs and the Class. Defendant desires to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims that have been or could have been asserted by plaintiffs and the Class against defendant. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.

4. Based upon counsels' review and analysis, the parties have entered into the Agreement to settle and compromise the Litigation on the terms and conditions embodied in the Agreement and agree as follows:

5. The parties agree to settle on behalf of the following class, for the following terms:

    a. Class Definition: (a) all individuals in Illinois, Indiana and Wisconsin (b) to whom Fay Servicing, LLC sent a "validation notice" (c) which failed to include amounts owed for escrow, unpaid accrued interest, late charges and/or NSF charges, (d) on a residential mortgage (e) that was in default when Fay Servicing, LLC obtained the loan, (f) which letter was sent at any time during a period beginning one year prior to the filing of this action through and including the date of certification of the class. Defendant

represents based on reasonable investigation that the Class as defined above consists of approximately 1610 loan accounts.

      b.    <u>Settlement Fund</u>: Defendant shall create a class settlement fund of $250,000.00, which will be distributed in the following manner:

      1.    <u>Relief to Plaintiff</u>. The named plaintiffs shall receive a total of $5,000.00 as damages for their claims, and as an incentive award for bringing the claims on behalf of the Class. "Incentive awards "are justified when necessary to induce individuals to become named representatives." *In re Synthroid Marketing Litigation*, 264 F.3d 712, 722 (2001). If those individuals "would have stepped forward without the lure of an 'incentive award,' there is no need for such additional compensation." Id. at 723. This award is in line with what has been awarded in other cases in this District. *See e.g., In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 792 F. Supp. 2d 1028, 1041 (N.D. Ill. 2011) (awarding $5,000 to class representatives).

      2.    <u>Attorneys' Fees and Costs</u>. Counsel for plaintiffs and the Class shall petition the Court for approval of attorneys' fees and costs not to exceed $62,500, which will be deducted from the Settlement Fund. Defendant shall not oppose Class Counsel's fee petition for an amount not to exceed $62,500.

      3.    <u>Cost of Class Notice</u>. All reasonable costs associated with the notice under this class settlement, including but not limited to those costs incurred or charged by the Settlement Administrator are to be deducted from the Settlement Fund. Class counsel has a quote from a proposed Settlement Administrator of $4,220.

      4.    <u>Class Recovery</u>. The balance of the Settlement Fund, after the costs, plaintiffs' award and attorney's fees are deducted, shall be distributed equally by the Settlement Administrator to the Class Members whose Class Notices were not returned as undeliverable by the United States Postal Service. If there is more than one borrower on an account, they will be treated as one class member for the purposes of the settlement. For jointly held accounts, checks will be payable to all joint borrowers, and will be mailed to the first borrower listed on the account. If the administrative costs are as proposed, at $4,220, then $178,280 would be left in the class fund for distribution, which amounts to $110.73 per loan account/Class Member. Class Members will likely receive more than this amount, however, depending on how many class notices cannot be delivered.

      5.    <u>Uncashed Checks</u>. If, following the Void Date of the Participating Class Members' checks, there remains any uncashed checks or undistributed funds, those funds will be distributed evenly by the Settlement Administrator between: LAF (formerly known as the Legal Assistance Foundation of Metropolitan Chicago), Legal Action of Wisconsin and Indiana Legal Services, Inc. as a *cy pres* award.

6. Class Notice. Within 15 business days after entry of the Preliminary Approval Order, attached as Exhibit B to the Settlement Agreement ("Preliminary Approval Order"), defendant shall (1) provide the Settlement Administrator with a Class List (the names, most recent address and account number of the class members), and (2) deposit the class fund with the Settlement Administrator. Within 30 days after the date the list is provided, the Settlement Administrator shall cause the Notice in the form of Exhibit C to the Settlement Agreement to be sent to the last known addresses of the Class Members. Prior to the Settlement Administrator mailing the notice, the Settlement Administrator shall obtain current addresses for Class Members by running their addresses through the National Change of Address database. The Settlement Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each individual notice shall be sent with a request for forwarding addresses. In the event that an individual notice is returned as undeliverable and a forwarding address is provided, the Settlement Administrator shall cause to be forwarded any such returned notice to the address provided within five days of receipt.

7. The FDCPA caps a class's recovery for statutory damages at the lesser of 1% of the debt collector's net worth or $500,000. 15 U.S.C. §1692k(a)(B). Based upon the financial information defendants provided to plaintiffs' counsel and the nature of the claims alleged, they believe that the Agreement is fair and reasonable, would be in the best interest of the Class, and should be approved by the Court. Defendant disputes that any payments made by Class Members constitute actual damages or were caused by the alleged FDCPA violation at issue, and plaintiffs' counsel agrees that excessive payments based on the notice were unlikely since the letters understated the amounts actually owed. Each class member who returns a claim form will receive a pro rata share of the Class Fund. The amount of the fund going to the Class Members is

approximately 50% of the maximum possible statutory damages. The percent being recovered by the class members, in cash, with no need to submit a claim form, compares extremely favorably to other class action settlements. Numerous courts have approved settlements where the class was recovering 10-12% of their maximum damages. *Schulte v. Fifth Third Bank, NA*, 805 F.Supp.2d 560, 584 (N.D.Ill. 2011); *In re Ravisent Techs., Inc. Sec. Litig.*, 2005 WL 906361, at *9 (E.D.Pa. Apr. 18, 2005) (approving settlement, which amounted to 12.2% of damages, and citing study by Columbia University Law School, which determined that "since 1995, class action settlements have typically recovered between 5.5% and 6.2% of the class members' estimated losses.") (internal citations omitted).

8. The class release is narrowly tailored to cover only claims arising from or relating to documents in the form represented by Exhibit A to the Settlement Agreement, and it specifically excludes any claims or defenses concerning: (1) whether any specific mortgage debt, fees, late charges and/or escrow items are in fact owed to the Released Parties and the amount thereof, (2) the Released Parties' crediting of specific payments, (3) the Released Parties' handling of the escrow account, and (4) the Released Parties' reporting regarding the alleged mortgage debt to the credit reporting bureaus.

9. The settlement in this case complies with case law from the Seventh Circuit concerning class action awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622, (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). Unlike *Pella*, 753 F.3d at 722, 723-724, there is no conflict of interest here between the named plaintiffs and the Class, for reasons including that the plaintiffs share no prior professional, financial, personal, or familial relationship with Class Counsel. And unlike *Pella*, 753 F.3d at 724, there is no conflict of interest between

Class Counsel and the Class. The Agreement does not provide for the payment of attorney's fees to Class Counsel prior to the notice being sent to the class. *Id*. In addition, unlike *RadioShack*, the instant settlement does not involve coupons. *RadioShack*, 768 F.3d at 635-637. Here, there is no difficulty valuing the settlement. The settlement contemplates a class fund of $250,000, with approximately $178,280 going to the 1,610 class members as statutory damages, which will be distributed equally to all Class Members whose Class Notice is not returned as undeliverable. Plaintiffs further submit that the class notice gives fair notice to the class, the terms of the settlement, and the ways in which Class Members can object to the settlement, thus satisfying the requirements of Fed.R.Civ.P.23, and of due process.

10. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings, in this or any other litigation, or in any manner whatsoever.

11. Class Counsel will file a fee petition in support of their request for attorney's fees prior to the final approval hearing. The amount requested represents 25% of the class fund. The Seventh Circuit has held that the Court should determine the percentage to award by approximating the market rate, and specifically found that the "market" fee of a consumer class action was 30% of the entire settlement fund (without deducting notice and administration expenses). *In re Synthroid Mktg. Litig. ("Synthroid II")*, 325 F.3d 974, 980 (7th Cir. 2003); *see also Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-4462, 2015 WL 1399367, at *4 (N.D. Ill. Mar. 23, 2015). Class Counsel's requested fee is less than numerous post-*Pearson* fees approved in cases in this Circuit. *Spano v. The Boeing Co.*, No. 06-743, 2016 WL 3791123 (S.D. Ill. Mar. 31, 2016) (awarding one-third of the gross monetary settlement plus costs); *McCue v. MB Fin., Inc.*, No. 15-

988, 2015 WL 4522564 (N.D. Ill. July 23, 2015) (awarding one-third of the net settlement fund plus costs); *Abbott v. Lockheed Martin Corp.*, No. 06-701, 2015 WL 4398475 (N.D. Ill. July 17, 2015) (awarding one-third of the gross settlement fund plus costs); *Zolkos v. Scriptfleet, Inc.*, No. 12-8230, 2015 WL 4275540 (N.D. Ill. July 13, 2015) (awarding one-third of the gross guaranteed settlement amount plus expenses); *Prena v. BMO Fin. Corp.*, No. 15-09175, 2015 WL 2344949 (N.D. Ill. May 15, 2015) (awarding 33.5% of the net settlement fund)

12. <u>Schedule for Class Notice and Objections</u>: Plaintiffs request that the Court set the following schedule for the proposed Agreement:

    a. Defendant is to provide the Settlement Administrator with the Class List within 15 business days after entry of the Preliminary Approval Order. The Class Notice (Exhibit C to Appendix A) is to be mailed by the Settlement Administrator within 30 days of receiving the Class List;

    b. Class members shall have until 45 days after the Class Notice is mailed to opt out or object to the settlement.

    c. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on a date at least ninety (90) days after the mailing of the Class Notice, and notification provided under the Class Action Fairness Act.

WHEREFORE, plaintiffs respectfully request that the Court enter an order in the form of Exhibit B to the Agreement, which (a) preliminarily approves the Class Settlement Agreement; (b) approves Exhibit C to the Agreement as notice to the Class to be directed to the last known address of the class members as shown on defendant's records, (c) sets a date for Class Members to opt-out or object, and (d) schedules a hearing for final approval under FED. R. CIV. P. 23(c)(2).

                                        Respectfully submitted,

                                        */s/ Tara L. Goodwin*
                                        Tara L. Goodwin

Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com
tgoodwin@edcombs.com

## **CERTIFICATE OF SERVICE**

      I, Tara L. Goodwin hereby certify that on November 1, 2018, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                                  */s/ Tara L. Goodwin*
                                                  Tara L. Goodwin

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark St., Ste. 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)