**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID PAGAN and <br> CRISTINA ORTIZ, <br> on behalf of plaintiffs and a class, <br><br> Plaintiffs, <br><br> vs. <br><br> FAY SERVICING, LLC, <br><br> Defendant. | ) <br> ) <br> ) Case No. 17-cv-5795 <br> ) <br> ) Judge Manish S. Shah <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**FINAL APPROVAL ORDER**

The Court having held a Final Approval Hearing on March 6, 2019, and having considered the papers submitted to the Court and proceedings to date, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement filed with the Court, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Actions and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> (a) all individuals in Illinois, Indiana and Wisconsin (b) to whom Fay Servicing, LLC sent a "validation notice" (c) which failed to include amounts owed for escrow, unpaid accrued interest, late charges and/or NSF charges, (d) on a residential mortgage (e) that was in default when Fay Servicing, LLC obtained the loan, (f) which letter was sent at any time during a period beginning one year prior to the filing of this action through and including the date of certification of the class.

3. The Settlement Class is certified because:

(A) The class as defined is sufficiently numerous such that joinder is impracticable;

(A) Common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether Defendant violated the Fair Debt Collection Act when it sent validation notices which misstated the amounts currently due.

(B) The claims of David Pagan and Cristina Ortiz are typical of the Class Members' claims;

(C) Plaintiffs David Pagan and Cristina Ortiz are appropriate and adequate representatives for the Class and their attorneys, Daniel A. Edelman and Tara L. Goodwin of Edelman, Combs, Latturner and Goodwin, LLC are qualified to serve as counsel for Plaintiffs and the Settlement Class;

(D) This action is manageable as a class action.

4. Notice was given to the Class pursuant to the Preliminary Approval Order and the Settlement Agreement. The Court is informed that actual notice was sent by first class mail to approximately 1,609 class members by first class mail. A total of 212 envelopes were returned by the United States Postal Service as "undeliverable" with no forwarding address available. New addresses were found for 72 of those notices and they were mailed to the new addresses. No objections were filed or received. One class member, Pirla Logan, sent a letter regarding the settlement. That class member did not respond to class counsel's attempts to reach him or her to determine the intent of the letter. This Court is treating that letter as an opt out.

5. The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to

all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

6. On March 6, 2019 the Court held a fairness hearing to which class members, including any with objections, were invited. Class member Pirla M. Logan's correspondence shall be treated as and opt out. Pirla Logan has opted out of the class. Class member Deborah Karim's objection is overruled because her objections do not adequately appreciate the limited scope of the settlement and the litigation risks in this case.

7. The Settlement Agreement is the product of arm's length settlement negotiations between Plaintiffs, Class Counsel and Defendant. The Settlement Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

A. That the Settlement Agreement is finally approved and shall be implemented pursuant to its terms;

B. That the Court hereby dismisses with prejudice all claims asserted by the Plaintiffs against Defendant and dismisses without prejudice, the claims of the Class Members. The Lawsuit is thereby dismissed in its entirety;

C. That this Court awards to Class Counsel their attorneys' fees and costs in the amount of $62,500, which this Court finds to be fair and reasonable in light of the time, expense, and complexity of this litigation. Such payment shall be made within 10 business days from the Effective Date by check made payable to the Edelman, Combs, Latturner & Goodwin, LLC Client Fund Account;

D. That this Court approves payment of $5,000 to Plaintiffs David Pagan and Cristina Ortiz for their damages and services to the Settlement Class. Such payment shall be made within 10 business days from the Effective Date by check made payable to the Edelman, Combs, Latturner & Goodwin, LLC Client Fund Account;

E. Within 21 days after the Effective Date, as defined in the Settlement Agreement, the settlement administrator will mail checks to the Class Members whose class notices were not returned as undeliverable consisting of a pro rata share of the class fund after amounts are deducted for the plaintiffs' award, attorney's fees and administrative expenses. The checks shall be void after 60 days from the date of issuance;

F. If, following the Void Date of the Participating Class Members' checks, there remains any uncashed checks or undistributed funds, those funds will be distributed evenly by the Settlement Administrator between: LAF (formerly known as the Legal Assistance Foundation of Metropolitan Chicago), Legal Action of Wisconsin and Indiana Legal Services, Inc. as a *cy pres* award.

G. That this Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement;

H. Upon the Effective Date, Plaintiff and the Class Members grant the following releases:

1. **By Plaintiffs.** David Pagan and Cristina Ortiz grant the following release: Plaintiffs, David Pagan and Cristina Ortiz, including their respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (in their capacity as such) (collectively "Plaintiffs' Releasors"), fully and forever resolve, release and discharge Defendant as well as their past, present and future predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, members, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates, principals, agents and trustees, (in their capacity as such) (collectively, "Released Parties"), from any and all claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected or of whatever type or nature which were brought or could have been brought in the Litigation. This includes, specifically and without limitation, any and all claims against the Released Parties arising from or relating to documents in the form represented by Exhibit A (attached hereto). Notwithstanding anything to the contrary, specifically excluded from this Release are any claims or defenses concerning: (1) whether any specific mortgage debt is in fact

owed to the Released Parties, and the amount thereof, (2) the proper crediting of specific payments, (3) the Released Parties' handling of the escrow account, and (3) the Released Parties' reporting of the alleged specific mortgage debt to the credit reporting bureaus.

      **2.**       **By the Class:** Each member of the Class who does not opt out fully and forever resolves, releases and discharges the Released Parties from any and all claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected or of whatever type or nature that were alleged in the Litigation or that arise out of or relate to the conduct alleged in the Litigation. This includes, specifically any and all claims against the Released Parties arising from or relating to documents in the form represented by Exhibit A (Ex. F to the Complaint, attached hereto). Notwithstanding anything to the contrary, specifically excluded from this Release are any claims or defenses concerning: (1) whether any specific mortgage debt, fees, late charges and/or escrow items are in fact owed to the Released Parties and the amount thereof, (2) the Released Parties' crediting of specific payments, (3) the Released Parties' handling of the escrow account, and (4) the Released Parties' reporting regarding the alleged mortgage debt to the credit reporting bureaus.

      I.      The terms of the Settlement Agreement are incorporated into this order.

      J.      That except as otherwise provided in the Settlement Agreement or herein, the parties are to bear their own attorneys' fees and costs;

SO ORDERED this 6th day of March, 2019.

                                                                                 _____
                                                                                  Honorable Manish S. Shah
                                                                                  United States District Court Judge